UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO:

BRYAN THOMAS, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

CIRKUL, INC., A Foreign Profit Corporation,

    Defendant.

_____/

## COLLECTIVE ACTION COMPLAINT

Plaintiff BRYAN THOMAS, on behalf of himself and all others similarly situated ("Plaintiff"), by and through his undersigned counsel, brings this collective action under the Fair Labor Standards Act ("FLSA") against CIRKUL, INC. ("Defendant") for unpaid overtime compensation and hereby states as follows:

### INTRODUCTION

1. Plaintiff worked as an hourly paid line worker inside Defendant's manufacturing facility in Tampa, Florida.

2. Plaintiff brings this lawsuit on behalf of himself and all other similarly-situated employees of Defendant, who performed similar duties to, and who were paid in the same illegal manner as Plaintiff.

3. Defendant has a policy and practice of failing to pay hourly paid line workers like Plaintiff full and proper overtime compensation for all overtime hours worked, based on its common policy of: (a) failing to account for all hours properly

worked including, but not limited to, alleged meal and rest periods during which employees are working; and (b) paying straight time for hours worked over forty (40) per week.

4. This lawsuit is brought as a collective action under the FLSA to recover unpaid overtime compensation owed to Plaintiff and other similarly-situated employees.

5. Plaintiff will seek conditional certification and notice to an opt-in class of hourly paid line workers pursuant to the FLSA, 29 U.S.C. § 216(b), who were employed by Defendant during the three-year period preceding the filing of this action (hereinafter, "Relevant Liability Period").

## JURISDICTION AND VENUE

6. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions.

7. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

8. Venue in the Middle District of Florida is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant provides services in this District and is thus considered a resident of this District. Further, a significant portion of the events giving rise to the claim alleged herein occurred within this District.

## PARTIES

9. Plaintiff is an adult resident of Florida, and was employed by Defendant as an hourly paid line worker in Tampa, Florida, from April 2018, until January 2, 2019.

10. During the Relevant Liability Period, Plaintiff was a covered employee within the meaning of the FLSA.

11. During the Relevant Liability Period, Defendant failed to pay Plaintiff for all overtime hours worked, and denied Plaintiff overtime compensation for hours worked in excess of forty (40) per week.

12. Plaintiff filed his Consent to Become Party Plaintiff in this action. *See* attached as *Exhibit A*.

13. Defendant is a covered employer within the meaning of the FLSA, and during the Relevant Liability Period, Defendant employed Plaintiff and other hourly paid line workers.

14. During the Relevant Liability Period, Defendant employed two or more persons, including Plaintiff, and has "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in § 203(s)(1)(A)(i).

15. During the Relevant Liability Period, Defendant achieved annual gross sales made or business done of not less than $500,000.00 in accordance with § 203(s)(1)(A)(ii).

## FACTUAL ALLEGATIONS

16. Defendant operates a manufacturing facility in Tampa, Florida.

17. During the relevant limitations period, Defendant has employed numerous hourly paid line workers.

18. Defendant's hourly paid line workers are the backbone of the company, providing Defendant's products to the public.

19. Defendant has employed Plaintiff and similarly situated employees as hourly paid line workers or in equivalent positions with similar job duties, however titled.

20. Plaintiff, and those similarly situated, are not exempt from the overtime provisions of the FLSA and are paid on an hourly basis.

21. Defendant has, and continues to fail to, pay Plaintiff and the putative class proper overtime compensation, by failing to properly pay for work performing during alleged meal and rest periods during which employees are working, and paying straight time for overtime hours worked.

22. Plaintiff and all other similarly situated individuals routinely worked over forty (40) hours in a work week, but were not paid overtime wages for all of that work, as required by the FLSA.

23. Defendant's policy of wrongfully denying Plaintiff, and the putative class' hours of overtime work is companywide.

24. Defendant knew, and has known, that Plaintiff and all similarly employees perform work without compensation and has chosen to deny them overtime compensation for performing this work in willful disregard of their rights under the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

25. Plaintiff re-alleges and incorporates by reference the preceding paragraphs through 24.

26. Plaintiff brings Count I as an opt-in collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following:

> All persons employed as hourly paid line workers for Defendant for the past three years (plus any applicable tolling) who were not paid full and proper overtime compensation for all overtime hours worked.

27. Plaintiff reserves the right to amend said class definition consistent with information obtained through discovery.

28. The class is so numerous that joinder of all members is impracticable. There are numerous hourly paid line workers employed by Defendant in Florida at any one time.

27. The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

28. Plaintiff, individually and on behalf of other similarly-situated employees, seeks relief on a collective basis challenging, among other FLSA violations, Defendant's policies and practices of failing to pay full and proper overtime compensation.

29. The number and identity of other Plaintiffs yet to opt-in and consent to be party Plaintiffs may be determined from the records of Defendant, and potential class members may easily and quickly be notified of the pendency of this action.

## COUNT I

### FAILURE TO PAY OVERTIME COMPENSATION TO HOURLY PAID LABORERS IN VIOLATION OF THE FLSA DURING THE FLSA RELEVANT LIABILITY PERIOD

30. Plaintiff re-alleges and incorporates by reference the preceding paragraphs 1 through 29 with respect to all hourly paid line workers.

31. During the FLSA Relevant Liability Period, Defendant failed to accurately record all hours worked by all hourly paid line workers and did not fully compensate hourly paid inside call center employees for all of their hours worked for Defendant in excess of forty (40) per week as required by Section 207 of the FLSA.

32. Hourly paid line workers were victims of a common and illegal policy and plan by Defendant to deny them overtime compensation required by the FLSA.

33. Defendant's failure to pay hourly paid line workers in accordance with the requirements of Section 207 of the FLSA was in willful disregard of the overtime wage compensation requirements of the FLSA.

34. Plaintiff, on behalf of himself and other hourly paid line workers seeks unpaid overtime compensation in an amount to be determined, as well as an equal amount of liquidated damages (or pre-judgment interest in the event liquidated damages are denied), post-judgment interest, and attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all hourly paid line workers demands judgment against Defendant and prays this Court:

    a.    Issue notice to all hourly paid line workers who were employed by Defendant at any time during the Relevant Liability Period, informing them of their right to file consents to join this action;

    b.    Declare Defendant's policy of failing to keep accurate time records and not paying hourly paid line workers full and proper overtime pay illegal under the FLSA;

    c.    Find that Defendant's violation of the FLSA was willful and impose a three-year statute of limitations period for FLSA claims;

    d.    Award Plaintiff and all other hourly paid line workers unpaid overtime compensation;

  e. Award Plaintiff and all hourly paid line workers an amount equal to unpaid overtime compensation as liquidated damages under 29 U.S.C. § 216(b);

  f. Award hourly paid line workers pre-judgment interest if liquidated damages are not awarded;

  g. Award hourly paid line workers post-judgment interest as provided by law;

  h. Award hourly paid line workers reasonable attorneys' fees and costs as mandated by Section 216(b) of the FLSA; and

  i. Award hourly paid line workers such other relief as the Court deems fair and equitable

## JURY DEMAND

Plaintiff hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated this 20th day of May 2019.

/s/**NOAH E. STORCH**
Noah E. Storch, Esq.
Florida Bar No. 0085476
Richard Celler Legal, P.A
10368 W. SR 84, Suite 103
Davie, FL 33314
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
noah@floridaovertimelawyer.com

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO:

BRYAN THOMAS, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

CIRKUL, INC., A Foreign Profit Corporation,

    Defendant.
_____/

## CONSENT TO BECOME PARTY PLAINTIFF

    I, BRYAN THOMAS, consent to become the party plaintiff in the above-styled Lawsuit.

Dated this ___06___ day of May, 2019

Signature: _____

Print:     Bryan Thomas