UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BRYAN THOMAS, on behalf of himself
and all others similarly situated,**

    **Plaintiff,**

v.                          **CASE No.: 8:19-cv-01240-WFJ-CPT**

**CIRKUL, INC., a foreign
Corporation for Profit,**

    **Defendant.**
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, CIRKUL, INC., ("Defendant") by and through its undersigned counsel, comes now and respectfully submits its Answer and Affirmative Defenses to the Collective Action Complaint ("Complaint") of Plaintiff, Bryan Thomas. Defendant reserves the right to supplement or amend their response as their investigation remains ongoing. Defendant responds to the allegations in the Complaint as follows:

1. Defendant admits that Plaintiff, Bryan Thomas ("Plaintiff") worked as an hourly paid line worker inside Defendant's manufacturing facility in Tampa, Florida.

2. Defendant admits that Plaintiff has sued Defendant and purports to bring this action as a collective action, but denies that Plaintiff or any other of Defendant's employees were paid in an illegal manner. Answering further, Defendant denies any allegation of wrongdoing which may be pled, implied, or inferred from this paragraph of the Complaint.

1

3. Defendant denies all allegations contained in Paragraph 3.

4. Defendant admits that Plaintiff has sued Defendant and purports to bring this action as a collective action, but Defendant denies that any of its employees were not properly paid overtime compensation. Answering further, Defendant denies any allegation of wrongdoing which may be pled, implied, or inferred from this paragraph of the Complaint.

5. Defendant admits that Plaintiff has stated Plaintiff will seek conditional certification as Plaintiff purports to bring this action as a collective action, but Defendant denies that any of its employees were not properly paid overtime compensation. Answering further, Defendant denies any allegation of wrongdoing which may be pled, implied, or inferred from this paragraph of the Complaint.

6. Defendant admits that FLSA authorizes private parties to seek relief under the FLSA, but Defendant Denies that Plaintiff has, or can, state a cause of action under that statute. Answering further, Defendant denies any allegation of wrongdoing which may be pled, implied, or inferred from this paragraph of the Complaint.

7. Defendant admits that the Court generally has subject matter jurisdiction over claims asserted under the FLSA, but Defendant denies that Plaintiff has, or can, state a cause of action under that statute. Answering further, Defendant denies any allegation of wrongdoing which may be pled, implied, or inferred from this paragraph of the Complaint.

8. Defendant admits that venue is proper in this Court, but denies that Plaintiff has, or can, state any valid cause of action against Defendants. Answering further, Defendant

denies any allegation of wrongdoing which may be pled, implied, or inferred from this paragraph of the Complaint.

9. Defendant is without knowledge as to Plaintiff's current residence, and therefore denies same. Defendant admits that Plaintiff was employed by Defendant for the dates provided. Answering further, Defendant denies any allegation of wrongdoing which may be pled, implied, or inferred from this paragraph of the Complaint.

10. Admitted.

11. Denied.

12. Defendant admits that Plaintiff has provided a Consent. Answering further, Defendant denies any allegation of wrongdoing which may be pled, implied, or inferred from this paragraph of the Complaint.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Defendant is without knowledge as to Plaintiff's definition of "backbone of the company" and therefore denies same. Answering further, Defendant denies any allegation of wrongdoing which may be pled, implied, or inferred from this paragraph of the Complaint.

19. Defendant admits that Plaintiff was employed as an hourly employee. Defendant admits that Defendant employed other hourly workers in various roles. Answering

further, Defendant denies any allegation of wrongdoing which may be pled, implied, or inferred from this paragraph of the Complaint.

further, Defendant denies any allegation of wrongdoing which may be pled, implied, or inferred from this paragraph of the Complaint.

20. Defendant admits that Plaintiff was not exempt from overtime. Defendant is without knowledge as to Plaintiff's definition of "similarly situated," and therefore is without knowledge, and denies same. Answering further, Defendant denies any allegation of wrongdoing which may be pled, implied, or inferred from this paragraph of the Complaint.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

## COLLECTIVE ACTION ALLEGATIONS

25. Defendant realleges and reaffirms its responses to Paragraphs 1 - 24 here as if provided in full.

26. Defendant admits that Plaintiff purports to bring this action as a collective action, but Defendant denies that any of its employees were not properly paid overtime compensation. Answering further, Defendant denies any allegation of wrongdoing which may be pled, implied, or inferred from this paragraph of the Complaint.

27. Defendant admits that Plaintiff has the right to seek to amend Plaintiff's Complaint. Answering further, Defendant denies any allegation of wrongdoing which may be pled, implied, or inferred from this paragraph of the Complaint.

28. Defendant admits that Plaintiff purports to bring this action as a collective action, and admits that that Defendant employs other hourly employees, but Defendant denies that any of its employees were not properly paid overtime compensation. Defendant is without knowledge as to whom Plaintiff considers members of Plaintiff's putative class, and therefore is without knowledge as to the numerosity of the alleged members, and therefore denies that "joinder of all members is impracticable." Answering further, Defendant denies any allegation of wrongdoing which may be pled, implied, or inferred from this paragraph of the Complaint[sic – following the formatting provided by Plaintiff and repeating the erroneous number for this paragraph] Defendant admits that Plaintiff purports to bring this action as a collective action, but Defendant denies that any of its employees were not properly paid overtime compensation. Answering further, Defendant denies any allegation of wrongdoing which may be pled, implied, or inferred from this paragraph of the Complaint.

27. [sic – following the formatting provided by Plaintiff and repeating the erroneous number for this paragraph] Defendant admits that Plaintiff purports to bring this action as a collective action, but Defendant denies that any of its employees were not properly paid overtime compensation. Answering further, Defendant denies any allegation of wrongdoing which may be pled, implied, or inferred from this paragraph of the Complaint.

28. Defendant is without knowledge as to whom Plaintiff considers potential opt-in Plaintiffs, and therefore is without knowledge as to whether any such opt-in Plaintiffs may be identified through Defendant's records, and therefore denies the same.

Answering further, Defendant denies any allegation of wrongdoing which may be pled, implied, or inferred from this paragraph of the Complaint.

## COUNT I
## FAILURE TO PAY OVERTIME COMPENSATION TO HOURLY PAID LABORERS IN VIOLATION OF THE FLSA DURING THE FLAS RELEVANT LIABILITY PERIOD

29. Defendant realleges and reaffirms its responses to Paragraphs 1 – 29 [including the duplicate numbered paragraphs] here as if provided in full.

30. Denied.

31. Denied.

32. Denied.

33. Defendant admits that Plaintiff purports to bring this action as a collective action but Defendant denies that any of its employees were not properly paid overtime compensation. Defendant denies that Plaintiff is entitled to any of the compensation or damages which Plaintiff claims in this paragraph. Answering further, Defendant denies any allegation of wrongdoing which may be pled, implied, or inferred from this paragraph of the Complaint.

34. Defendant denies that Plaintiff is entitled to any and all relief requested by Plaintiff in Plaintiff's "Prayer for Relief" and "Wherefore" clause following Paragraph 34, including subsections "a." through "i."

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted under any theory. In particular, as a matter of law, the Complaint does not contain sufficient allegations of ultimate fact, as opposed to conclusory allegations, to state a claim under the FLSA.

### SECOND DEFENSE

To the extent that Defendant was obligated to and failed to pay overtime compensation due to Plaintiff, which Defendant expressly denies, Defendant also expressly denies that Plaintiff may recover liquidated damages because (1) Defendant and all associated officers, directors, managers, or agents acted at all times in good faith, and did not commit any willful violation of the FLSA, and paid all sums considered to be legally due in good faith reliance on the FLSA; (2) Defendant (including all associated officers, directors, managers, and agents) did not authorize or ratify any willful violation with respect to Plaintiff; and (3) Plaintiff has failed to plead facts sufficient to support recovery of such damages. Accordingly, Defendant's liability is limited by 29 U.S.C. § 260.

### THIRD DEFENSE

To the extent that Defendant was obligated to and failed to pay overtime compensation due to Plaintiff, which Defendant expressly denies, the claims of Plaintiff are barred as to all hours allegedly worked by Plaintiff of which Defendant lacked actual or constructive knowledge.

### FOURTH DEFENSE

To the extent that Defendant was obligated to and failed to pay overtime compensation due to Plaintiff, which Defendant expressly denies, Plaintiff are not entitled to recover damages for *de minimis* unpaid overtime.

### FIFTH DEFENSE

To the extent that Defendant was obligated to and failed to pay overtime compensation to Plaintiff, which Defendant expressly denies, any such failure resulted from misrepresentations by Plaintiff concerning his hours worked, and his knowing failure to notify Defendant that he was engaging in overtime work, or other misrepresentations, omissions, or fraudulent conduct; Defendant reasonably relied on such misrepresentations or omissions, and the claims of Plaintiff are barred by the doctrines of estoppel and/or waiver.

### SIXTH DEFENSE

Plaintiff is not entitled to conditional or final certification, or to Court-facilitated notice under 29 U.S.C. § 216(b), because Plaintiff has not identified, and cannot identify, a group of similarly situated employees.  Likewise, Plaintiff has not identified, and cannot identify, a class of employees which may satisfy the requirements of Federal Rule of Civil Procedure 23.

### SEVENTH DEFENSE

Plaintiff is not entitled to certification under 29 U.S.C. § 216(b) or Federal Rule of Civil Procedure 23 because the putative class, as defined by the Amended Complaint, is overly broad and patently unmanageable, as Plaintiff admits in the first Paragraph 28 of Plaintiff's Complaint.

## EIGHTH DEFENSE

The proposed class action fails to meet the numerosity requirement of Fed.R.Civ.P. 23(a)(1).

## NINTH DEFENSE

The proposed class action fails to meet the commonality requirement of Fed.R.Civ.P. 23(a)(2).

## TENTH DEFENSE

The proposed class action fails to meet the typicality requirement of Fed.R.Civ.P. 23(a)(3).

## ELEVENTH DEFENSE

The named plaintiffs will not adequately and fairly protect the interests of the proposed class, as required by Fed.R.Civ.P. 23(a)(4).

## TWELTH DEFENSE

The proposed class lacks common questions of law or fact, as required by Fed.R.Civ.P. 23(b)(3).

## THIRTEENTH DEFENSE

The Class Action Complaint should be dismissed because the named Plaintiff is not an adequate representative of the proposed class.

## FOURTEENTH DEFENSE

At all times, Defendant acted in good faith, and had reasonable grounds for believing their actions were in compliance with the FLSA.

**FIFTHTEENTH DEFENSE**

This action is barred to the extent Plaintiff seeks recovery for time that is not compensable time, i.e. "hours worked," under the FLSA.

**SIXTEENTH DEFENSE**

Defendant is entitled to offset monies or other consideration paid or provided to Plaintiff by Defendant for periods in which Plaintiff was not engaged to work, or performing any workplace duties.

**SEVENTEENTH DEFENSE**

Plaintiff is not entitled to punitive or liquidated damages, as Defendant did not act or fail to act in a manner sufficient to give rise to punitive/liquidated damages liability.

**EIGHTEENTH DEFENSE**

Plaintiff's action is barred because Plaintiff seeks to recover for time that could be deemed as *de minimus* work time, and thus not compensable under the FLSA.

**NINETEENTH DEFENSE**

To the extent Plaintiff seeks damages not recoverable under the FLSA, Plaintiff is barred from such recovery.

**TWENTIETH DEFENSE**

Without assuming the burden of proof, Plaintiff and all of Defendant's employees were compensated for all hours worked in excess of 40 hours in any particular workweek (as Plaintiff and all Defendant's employees reported his/her/their time worked) at a rate not less than that set forth by the overtime provisions of the FLSA.

## TWENTY-FIRST DEFENSE

Defendant complied with all recordkeeping requirements of the FLSA.

## TWENTY-SECOND DEFENSE

Plaintiff's claims are estopped by the recording of and submission of Plaintiff's own time records via a digital time keeping system for which Plaintiff had a unique password, and for which recorded time Defendant compensated Plaintiff for all overtime which Plaintiff claimed.

## TWENTH-THIRD DEFENSE

The alleged time for compensation for which Plaintiff seeks to represent a class is irregular, and therefore not consistent or similar to the time kept by other employees employed by Defendant.

## TWENTY-FOURTH DEFENSE

Without assuming the burden of proof, Plaintiff and potential members of the purported class or collective action are not similarly situated. The potential claims of the purported class members reflect variability, and are not so numerous as to preclude their resolution on an individual basis.

## TWENTY-FIFTH DEFENSE

Defendant has alleged individualized affirmative defenses which apply specifically to Plaintiff, and not to all members of Plaintiff's putative class. Therefore, Plaintiff's class certification is barred *per se*.

## TWENTY-SIXTH DEFENSE

Plaintiff has failed to mitigate Plaintiff's alleged damages.

## TWENTY-SEVENTH DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, and/or laches.

## TWENTY-EIGHTH DEFENSE

Some or all of Plaintiff's claims are barred by accord and satisfaction, settlement, and/or payment and release.

## TWENTY-NINTH DEFENSE

Defendant's actions were in good faith conformity with and/or reliance on administrative regulation, order, ruling, approval, interpretation, or practice of the Department of Labor.

## THIRTIETH DEFENSE

Defendant reserves the right to assert further affirmative defenses as they become evident through discovery investigation.

**WHEREFORE**, Defendant, Cirkul, Inc. prays that this, its Answer and Affirmative Defenses to the Plaintiff's Collective Action Complaint, be deemed good and sufficient, and that, after due proceedings, there be judgement in Defendant's favor and against Plaintiff, thereby dismissing all claims assert therein, and that cost and attorneys' fees be assessed against Plaintiff, and for such other and further relief as justice and law may require.

Respectfully submitted this 13th day of September 2019.

By:/s/ Christine R. Sensenig
Christine R. Sensenig
Florida Bar No. 74276
**Hultman Sensenig + Joshi**
2055 Wood Street, Ste 208
Sarasota, FL 34237
Telephone: (941) 953-2828
Fax: (941) 953-3018
csensenig@hsjlawfirm.com
droginski@hsjlawfirm.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 13, 2019, I electronically filed the foregoing document with the Clerk of the Court and served upon the individuals listed below via email through the CM/ECF system of the Middle District of Florida.

Noah E. Storch, Esq.
Fla. Bar No. 0085476
noah@floridaovertimelawyer.com
**RICHARD CELLAER LEGAL, P.A.**
10368 W. SR 84, Suite 103
Davie, FL 33314
Telephone: (866) 344-9243

                        By:/s/ Christine R. Sensenig
                        Christine R. Sensenig
                        Florida Bar No. 74276
                        **Hultman Sensenig + Joshi**